**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CLINT BRENCKLE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-13500** |
| **DR. MACFAY, ET AL.** | **SECTION: "J"(3)** |

## PARTIAL REPORT AND RECOMMENDATION

Clint Brenckle, a state prisoner, filed this federal civil action pursuant to 42 U.S.C. § 1983.

He sued Dr. McVea,[1] Dr. Cleveland, and Warden Robert Tanner.  In this lawsuit, plaintiff claims

that he has been denied adequate medical care at the B.B. "Sixty" Rayburn Correctional Center in

Angie, Louisiana.[2]  As relief, he seeks $375,000 in damages.[3]

Defendants Cleveland and Tanner have filed a motion to dismiss.[4]  Plaintiff has opposed

that motion.[5]  In addition, in response to plaintiff's request, the Court ordered production of

plaintiff's medical records,[6] and those records have been filed into this federal record.[7]

## Rule 12(b)(1)

In their motion, the defendants first argue that the claims against them in their official

capacities for monetary damages should be dismissed pursuant to Rule 12(b)(1) of the Federal

Rules of Civil Procedure.  That rule governs challenges to a court's subject-matter jurisdiction.

---

[1] The complaint lists this defendant as "Dr. MacFay"; however, based on plaintiff's opposition to the defendants' motion to dismiss, Rec. Doc. 12, and his medical records, Rec. Doc. 13, it is clear that the defendant's correct name is Dr. Casey McVea.
[2] Rec. Doc. 1, p. 3.
[3] Id. at p. 4.
[4] Rec. Doc. 10.  The remaining defendant, Dr. McVea, has not been served, see Rec. Doc. 7, and, therefore, he has not joined in the motion.  This Partial Report and Recommendation does not address the claims against him.
[5] Rec. Doc. 12.
[6] Rec. Doc. 9.
[7] Rec. Doc. 13.

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."   Home Builders Association of Mississippi, Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998) (quotation marks omitted).

The defendants are employees of the Louisiana Department of Public Safety and Corrections.  "A suit against a state official in his official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment."   Chaney v. Louisiana Work Force Commission, 560 Fed. App'x 417, 418 (5th Cir. 2014); accord Watson-Buisson v. Louque, Civ. Action No. 12-1871, 2013 WL 5236611, at *1 (E.D. La. Sept. 13, 2013).[8] Because Eleventh Amendment immunity deprives the Court of jurisdiction, plaintiff's official-capacity claims against Dr. Cleveland and Warden Tanner should be dismissed without prejudice pursuant to Rule 12(b)(1).   Williams v. Thomas, 169 Fed. App'x 285, 286 (5th Cir. 2006); Warnock v. Pecos County, 88 F.3d 341, 343 (5th Cir. 1996); Watson-Buisson, 2013 WL 5236611, at *1.

### **Rule 12(b)(6)**

The defendants next argue that the claims against them in their individual capacities should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  That rule allows

---

[8] As the United States Fifth Circuit Court of Appeals has explained:

> The Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts. ...  By statute, Louisiana has refused any ... waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power.  We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280-81 (5th Cir. 2002) (quotation marks and citations omitted); Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 313-14 (5th Cir. 1999).

a defendant to move for dismissal when a plaintiff fails to state a claim upon which relief can be granted.  In ruling on a Rule 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted).  However, "[t]o survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to state a claim to relief that is plausible on its face.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Id. (citation, footnote, and quotation marks omitted).  On that point, the United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

In this lawsuit, plaintiff alleges:  (1) he has requested a CPAP machine[9] to no avail and his health "is getting worse day by day"; (2) there are no wheelchair ramps at the prison; (3) the prison does not provide a proper diet for diabetics; (4) wheelchairs are not "up to date"; and (5) he has not been assigned someone to push his wheelchair.[10]

In response, the defendants first argue that plaintiff's allegations are insufficient because they do not allege that the defendants were personally involved in the purported constitutional

---

[9] In his complaint, plaintiff states that he is being denied a "C pack"; however, based on his opposition to the defendants' motion to dismiss, it is clear that he is in fact referring to a CPAP (continuous positive airway pressure) machine.  See Rec. Doc. 12, pp. 1-3.  "CPAP is a type of therapy, using a machine to help a person with obstructive sleep apnea to breath [sic] more easily during sleep.  The CPAP machine increases air pressure in the throat so that the airway does not collapse when the individual breathes in."  Ross v. Correct Care Solutions LLC, No. 11 Civ. 8542, 2013 WL 5018838, at *1 n.2 (S.D.N.Y. Sept. 13, 2013).

[10] Rec. Doc. 1, p. 3.

violations, noting:  "Plaintiff does not allege anything specific to any of the named Defendants. Other than naming them as Defendants, they do not appear anywhere in his Complaint."[11]  It is clear that "[p]ersonal involvement is an essential element of a civil rights cause of action," Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983), and that such involvement must be alleged. The United States Fifth Circuit Court of Appeals has expressly held:  "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation.  This standard requires more than conclusional assertions:  The plaintiff must allege specific facts giving rise to the constitutional claims."  Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted).  However, the defendants' argument that plaintiff's allegations are insufficient is only partially correct.

As to the claims against Warden Tanner, the defendants have a valid point.  Although Tanner is listed as a defendant in the complaint, plaintiff makes no factual allegations whatsoever against Tanner in either the original complaint or the opposition to the defendants' motion.  That is fatal.  "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints."  Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974); see also Krych v. Hvass, 83 Fed. App'x 854, 855 (8th Cir. 2003) (plaintiff "failed to state any claim whatsoever against [the defendants] because he merely listed these individuals as defendants in his complaint and did not allege they were personally involved in the constitutional violations"); Tuley v. Heyd, 482 F.2d 590, 594 (5th Cir. 1973) (noting that the mere inclusion of names and notations of office in the caption does not suffice to state a claim); Brzozowski v. Randall, 281 F. Supp. 306, 312 (E.D. Pa. 1968) (granting

---

[11] Rec. Doc. 10-1, p. 9.

4

motion to dismiss where plaintiff only named defendant in the caption).  Therefore, the claim

against Tanner should be dismissed.

However, defendants' argument is only partially correct as to the claims against Dr.

Cleveland.  It is true that the original complaint makes no mention of Dr. Cleveland other than in

the caption.  However, in his opposition to the defendants' motion,[12] plaintiff makes specific

factual allegations against Dr. Cleveland.  Where, as here, a district court is considering a motion

to dismiss in a case filed by a *pro se* plaintiff, the court must consider the "complaint under the

less stringent standards applicable to *pro se* litigants."  Howard v. King, 707 F.2d 215, 220 (5th

Cir. 1983).  In such cases, the district court is "required to look beyond the [plaintiff's] formal

complaint and to consider as amendments to the complaint those materials subsequently filed."

Id.  Therefore, a *pro se* litigant's supplemental filings which embellish the original complaint's

averments may appropriately be considered when ruling on a motion to dismiss.  Id.

In his opposition, plaintiff makes the following specific allegations:  (1) He was tested for

sleep apnea.[13]  (2)  Based on the test results, Dr. Cleveland told plaintiff that his oxygen level gets

"dangerously low" during sleep.[14]  (3)  Dr. Cleveland therefore had actual knowledge of plaintiff's

need for a CPAP machine.[15]  (4) Dr. Cleveland also knew that plaintiff was experiencing back

pain.[16]

The Court finds that plaintiff's allegations are sufficient to state a cognizable individual-

capacity claim against Dr. Cleveland for deliberate indifference to a serious medical need *as to the*

*purported denial of a CPAP machine*.[17]  While the Court expresses no opinion as to whether

---

[12] Rec. Doc. 12.

[13] Rec. Doc. 12, p. 1.

[14] Id. at pp. 1-3.

[15] Id. at p. 3.

[16] Id.

[17] All inmates, regardless of whether they are pretrial detainees or convicted prisoners, have a right to medical care in
jail.  That right is violated if an inmate's "serious medical needs" are met with "deliberate indifference" on the part of

plaintiff will ultimately be able to prevail on that claim, his allegations, viewed in the light most favorable to him, state a claim that is at least plausible on its face. See, e.g., Thomas v. Mills, 614 Fed. App'x 777, 778 (5th Cir. 2015) (inmate with sleep apnea stated a claim based on the denial of a replacement mask for his CPAP machine). Moreover, to the extent that Dr. Cleveland is arguing that qualified immunity shields him from such a claim,[18] the Court rejects argument. Where, as here, a plaintiff alleges that a prison medical provider is aware that a CPAP machine is medically necessary to treat an inmate's sleep apnea and nevertheless refuses to provide such a device, such allegations can suffice to overcome the invocation of qualified immunity. See, e.g., Griffin v. Amatucci, 611 Fed. App'x 732, 734-35 (2d Cir. 2015); Allah v. Gramiak, Civ. Action No. 5:13-CV-186, 2015 WL 269478, at *3-8 (M.D. Ga. Jan. 21, 2015); cf. Rodrigue v. Grayson, 557 Fed. App'x 341, 347 (5th Cir. 2014) ("Officials can be on notice that their conduct violates a constitutional right even in novel factual circumstances." (quotation marks omitted)). Therefore, the defendants' motion should be denied with respect to plaintiff's claim that his rights were violated by Dr. Cleveland's refusal to provide him with a CPAP machine.

On the other hand, the motion should be granted with respect a claim that Dr. Cleveland violated plaintiff's rights by denying medical care for unspecified "back pain." As an initial matter, it should be noted that plaintiff made no claim concerning the denial of medical care for back pain in his complaint. Nevertheless, even if plaintiff's opposition is deemed to amend the

---

penal authorities. See Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999). "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." Gobert v. Caldwell, 463 F.3d 339, 345 n.12 (5th Cir. 2006). To meet the deliberate indifference requirement, a "plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks omitted).

[18] "The doctrine of qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal." Whitley v. Hanna, 726 F.3d 631, 638 (5th Cir. 2013). "[A] plaintiff seeking to overcome qualified immunity must show: (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." Id.

complaint to assert such a claim, a prisoner's vague reference to untreated "back pain," without more, is insufficient to state a claim of deliberate indifference to a serious medical need. See Dickerson v. Collins, Civ. Action No. 14-00008, 2015 WL 5680368, at *4 & n.52 (M.D. La. Sept. 25, 2015) ("[C]ourts within this circuit have recognized [that] complaints of back pain and spasms without more simply do not rise to the level of 'serious medical needs.'"); Curran v. Aleshire, 67 F. Supp. 3d 741, 766 (E.D. La. 2014) ("Several courts also have found that neck and back pain are not serious medical needs."), appeal dismissed, 800 F.3d 656 (5th Cir. 2015); cf. Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992) ("Continuing back pain is unpleasant. Its existence does not, however, in and of itself demonstrate that a constitutional violation occurred.").

Plaintiff's allegations are likewise insufficient to state a claim against Dr. Cleveland concerning plaintiff's complaints about his diet and the issues regarding his wheelchair. As was the case with the claims against Warden Tanner, plaintiff has failed to allege that Dr. Cleveland had any personal involvement concerning plaintiff's diet, his wheelchair, or wheelchair access at the prison. Without such allegations, he has failed to state a claim against Dr. Cleveland with respect to those purported violations.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the defendants' motion to dismiss, Rec. Doc. 10, be **DENIED IN PART AND GRANTED IN PART**. It is **RECOMMENDED** that the motion be **DENIED** with respect to the claim that Dr. Cleveland, in his *individual capacity*, violated plaintiff's federal constitutional rights by refusing to provide him with a CPAP machine. It is **RECOMMENDED** that the motion be **GRANTED** in all other respects and that all other claims against Dr. Cleveland and all claims against Warden Robert Tanner be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this second day of April, 2018.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**