UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLINT BRENCKLE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-13500** |
| **DR. MACFAY, ET AL.** | **SECTION: "J"(3)** |

### PARTIAL REPORT AND RECOMMENDATION

Clint Brenckle, a state prisoner, filed this *pro se* federal civil action pursuant to 42 U.S.C. § 1983. He sued Dr. Casey McVea,[1] Dr. Cleveland, and Warden Robert Tanner. In this lawsuit, plaintiff claims that he has been denied adequate medical care at the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana.[2] As relief, he seeks $375,000 in damages.[3]

Defendants Cleveland and Tanner filed a motion to dismiss,[4] which plaintiff opposed.[5] On April 2, 2018, the undersigned United States Magistrate Judge issued a report recommending that the motion be denied in part and granted in part. Specifically, it was recommended that the motion (1) be denied with respect to the claim that Dr. Cleveland, in his individual capacity, violated plaintiff's federal constitutional rights by refusing to provide him with a CPAP machine and (2) be granted in all other respects.[6] The United States District Judge adopted that Report and Recommendation.[7]

---

[1] The original complaint listed this defendant as "Dr. MacFay"; however, plaintiff subsequently amended the complaint to properly identify the defendant. Rec. Doc. 19.
[2] Rec. Doc. 1, p. 3.
[3] Id. at p. 4.
[4] Rec. Doc. 10.
[5] Rec. Doc. 12.
[6] Rec. Doc. 15; Brenckle v. MacFay, Civ. Action No. 17-13500, 2018 WL 3340382 (E.D. La. Apr. 2, 2018).
[7] Rec. Doc. 26; Brenckle v. MacFay, Civ. Action No. 17-13500, 2018 WL 3329075 (E.D. La. July 6, 2018).

Dr. McVea has now also filed a motion to dismiss.[8] Plaintiff has likewise opposed that motion.[9]

## Rule 12(b)(1)

In his motion, Dr. McVea first argues that the claims against him in his official capacity for monetary damages should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.[10] That rule governs challenges to a court's subject-matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Home Builders Association of Mississippi, Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998) (quotation marks omitted).

Dr. McVea is an employee of the Louisiana Department of Public Safety and Corrections. "A suit against a state official in his official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment." Chaney v. Louisiana Work Force Commission, 560 Fed. App'x 417, 418 (5th Cir. 2014); accord Watson-Buisson v. Louque, Civ. Action No. 12-1871, 2013 WL 5236611, at *1 (E.D. La. Sept. 13, 2013).[11] Because Eleventh Amendment immunity deprives the Court of jurisdiction, plaintiff's official-capacity claims against Dr. McVea should be dismissed without prejudice pursuant to Rule 12(b)(1). Williams v.

---

[8] Rec. Doc. 21.
[9] Rec. Doc. 24.
[10] See Rec. Doc. 21-1, p. 5.
[11] As the United States Fifth Circuit Court of Appeals has explained:

> The Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts. ... By statute, Louisiana has refused any ... waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280-81 (5th Cir. 2002) (citations and quotation marks omitted); Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 313-14 (5th Cir. 1999).

Thomas, 169 Fed. App'x 285, 286 (5th Cir. 2006); Warnock v. Pecos County, 88 F.3d 341, 343 (5th Cir. 1996); Watson-Buisson, 2013 WL 5236611, at *1.

### Rule 12(b)(6)

Dr. McVea next argues that the claims against him in his individual capacity should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. That rule allows a defendant to move for dismissal when a plaintiff fails to state a claim upon which relief can be granted. In ruling on a Rule 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). However, "[t]o survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (citation, footnote, and quotation marks omitted). On that point, the United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

In this lawsuit, plaintiff alleges: (1) he has requested a CPAP machine[12] to no avail and his health "is getting worse day by day"; (2) there are no wheelchair ramps at the prison; (3) the

---

[12] In his complaint, plaintiff states that he is being denied a "C pack"; however, based on his subsequent filings, it is clear that he is in fact referring to a CPAP (continuous positive airway pressure) machine. See Rec. Doc. 12, pp. 1-3. "CPAP is a type of therapy, using a machine to help a person with obstructive sleep apnea to breath [sic] more easily during sleep. The CPAP machine increases air pressure in the throat so that the airway does not collapse when the

3

prison does not provide a proper diet for diabetics; (4) wheelchairs are not "up to date"; and (5) he has not been assigned someone to push his wheelchair.[13] In his opposition to the instant motion, plaintiff further states that Dr. McVea ordered a sleep apnea test but did not take the necessary actions once he received the test results.[14]

The Court finds that plaintiff's allegations are sufficient to state a cognizable individual-capacity claim against Dr. McVea for deliberate indifference to a serious medical need *as to the purported denial of a CPAP machine*.[15]  While the Court expresses no opinion as to whether plaintiff will ultimately be able to prevail on that claim, his allegations, viewed in the light most favorable to him, state a claim that is at least plausible on its face.  See, e.g., Thomas v. Mills, 614 Fed. App'x 777, 778 (5th Cir. 2015) (inmate with sleep apnea stated a claim based on the denial of a replacement mask for his CPAP machine).  Moreover, to the extent that Dr. McVea is arguing that qualified immunity shields him from such a claim,[16] the Court rejects argument.  Where, as here, a plaintiff alleges that a prison medical provider is aware that a CPAP machine is medically

---

individual breathes in." Ross v. Correct Care Solutions LLC, No. 11 Civ. 8542, 2013 WL 5018838, at *1 n.2 (S.D.N.Y. Sept. 13, 2013).

[13] Rec. Doc. 1, p. 3.

[14] Rec. Doc. 24, p. 1. The United States Fifth Circuit Court of Appeals has held that, when a district court is considering a motion to dismiss in a case filed by a *pro se* plaintiff, the court must consider the "complaint under the less stringent standards applicable to *pro se* litigants." Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983).  In such cases, the district court is "required to look beyond the [plaintiff's] formal complaint and to consider as amendments to the complaint those materials subsequently filed." Id.  Therefore, a *pro se* litigant's supplemental filings which embellish the original complaint's averments may appropriately be considered when ruling on a motion to dismiss. Id.

[15] All inmates, regardless of whether they are pretrial detainees or convicted prisoners, have a right to medical care in jail.  That right is violated if an inmate's "serious medical needs" are met with "deliberate indifference" on the part of penal authorities.  See Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999).  "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." Gobert v. Caldwell, 463 F.3d 339, 345 n.12 (5th Cir. 2006).  To meet the deliberate indifference requirement, a "plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks omitted).

[16] "The doctrine of qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal." Whitley v. Hanna, 726 F.3d 631, 638 (5th Cir. 2013).  "[A] plaintiff seeking to overcome qualified immunity must show:  (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." Id.

necessary to treat an inmate's sleep apnea and nevertheless refuses to provide such a device, such allegations can suffice to overcome the invocation of qualified immunity. See, e.g., Griffin v. Amatucci, 611 Fed. App'x 732, 734-35 (2d Cir. 2015); Allah v. Gramiak, Civ. Action No. 5:13-CV-186, 2015 WL 269478, at *3-8 (M.D. Ga. Jan. 21, 2015); cf. Rodrigue v. Grayson, 557 Fed. App'x 341, 347 (5th Cir. 2014) ("Officials can be on notice that their conduct violates a constitutional right even in novel factual circumstances." (quotation marks omitted)). Therefore, the motion should be denied with respect to plaintiff's claim that his rights were violated by Dr. McVea's refusal to provide him with a CPAP machine.

However, plaintiff's allegations are insufficient to state a claim against Dr. McVea with respect to plaintiff's remaining claims. It is clear that "[p]ersonal involvement is an essential element of a civil rights cause of action," Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983), and that such involvement must be alleged. The United States Fifth Circuit Court of Appeals has expressly held: "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted).

Although Dr. McVea is identified as a defendant in the complaint, plaintiff fails to allege that Dr. McVea was personally involved in any way in the remaining claims concerning plaintiff's complaints about his diet or his issues concerning his wheelchair. Obviously, merely listing a defendant in the caption without making the factual allegations necessary to connect that defendant to a claim does not suffice. See Tuley v. Heyd, 482 F.2d 590, 594 (5th Cir. 1973) (noting that the mere inclusion of names and notations of office in the caption does not suffice to state a claim); Brzozowski v. Randall, 281 F. Supp. 306, 312 (E.D. Pa. 1968) (granting motion to dismiss where

plaintiff only named defendant in the caption).  Therefore, the remaining claims against Dr. McVea should be dismissed.

## "Motion for Post Conviction Relief"

Plaintiff has also filed a document entitled "Motion for Post Conviction Relief." Rec. Doc. 25.  In that document, he appears to be alleging that, because he received ineffective assistance of counsel in his state criminal case, he was wrongly convicted.  He is apparently referring to his state convictions on two counts of sexual battery upon juveniles.  See State v. Brenckle, 170 So.3d 1141 (La. App. 5th Cir. 2015).  However, he has not named an appropriate defendant with respect to any such claim and, in any event, such a claim is not cognizable in a § 1983 action.  See, e.g., Victor v. Louisiana, Civ. Action No. 12-2745, 2012 WL 6757038, at *10 (E.D. La. Nov. 26, 2012) ("[T]o be a proper defendant in a § 1983 action, the defendant must have acted under color of state law.  Therefore, any claims plaintiffs may wish to assert against their criminal defense counsel plainly fail, because it is clear that neither public defenders nor private attorneys are state actors liable under § 1983."), adopted, 2013 WL 28233 (E.D. La. Jan. 2, 2013).

This Court could, of course, construe the allegations in the motion as a request for habeas corpus relief.  See 28 U.S.C. § 2254(a) ("The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").  However, the Court declines to do so for two reasons.

First, a state prisoner generally may file only one habeas corpus application with respect to each state conviction. See 28 U.S.C. § 2244(a)-(b). If this Court were to unilaterally construe this action in part as a habeas petition and consider his ineffective assistance of counsel claim, that might adversely affect his ability to seek habeas relief in the future based on other grounds.

Second, in any event, construing plaintiff's motion in that manner would be an exercise in futility, because he is not currently entitled to federal habeas corpus relief. Before seeking habeas corpus relief in the federal courts, a state prisoner must exhaust his remedies in the state courts. To meet the exhaustion requirement, he must provide the state's highest court with a "fair opportunity to pass upon [his] claim[s]." Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999). In Louisiana, the highest state court is the Louisiana Supreme Court. See La. Const. art. V, § 5(A). On August 14, 2018, the undersigned's staff contacted the Clerk of the Louisiana Supreme Court and confirmed that plaintiff had filed no applications whatsoever in that court concerning his state convictions. Because he has not given that court a fair opportunity to rule on his ineffective assistance of counsel claim, it is necessarily unexhausted. Accordingly, he would not be entitled to federal habeas corpus relief at this time.[17]

## RECOMMENDATION

It is therefore **RECOMMENDED** that the Dr. Casey McVea's motion to dismiss, Rec. Doc. 21, be **DENIED IN PART AND GRANTED IN PART**. It is **RECOMMENDED** that the motion be **DENIED** with respect to the claim that Dr. McVea, in his individual capacity, violated plaintiff's federal constitutional rights by refusing to provide him with a CPAP machine. It is

---

[17] Plaintiff may, of course, subsequently file a proper federal habeas corpus petition. However, he must first exhaust his remedies in the state courts, and any federal petition must be filed in a timely manner in accordance with federal law.

**RECOMMENDED** that the motion be **GRANTED** in all other respects and that all other claims against Dr. McVea be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that plaintiff's "Motion for Post Conviction Relief," Rec. Doc. 25, be **DENIED WITHOUT PREJUDICE** to his ability to seek federal habeas corpus relief in a separate proceeding.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this second day of November, 2018.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**