UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLINT BRENCKLE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-13500** |
| **DR. MACFAY, ET AL.** | **SECTION: "J"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Clint Brenckle, a state prisoner, filed this federal civil action pursuant to 42 U.S.C. § 1983. He sued Dr. McVea,[1] Dr. Cleveland, and Warden Robert Tanner. In this lawsuit, plaintiff claimed that he was being denied adequate medical care at the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana.

The Court subsequently denied in part and granted in part a motion to dismiss filed by Dr. Cleveland and Warden Tanner. Specifically, that motion was denied with respect to a claim that Dr. Cleveland, in his individual capacity, violated plaintiff's federal constitutional rights by refusing to provide him with a continuous positive airway pressure machine. However, the motion was granted in all other respects, and all other claims against Dr. Cleveland and all claims against Warden Tanner were dismissed without prejudice.[2]

The Court also subsequently denied in part and granted in part a separate motion to dismiss filed by Dr. McVea. Specifically, that motion was denied with respect to a claim that Dr. McVea, in his individual capacity, violated plaintiff's federal constitutional rights by refusing to provide

---

[1] The complaint listed this defendant as "Dr. MacFay"; however, that defendant's correct name was Dr. Casey McVea.
[2] Brenckle v. MacFay, Civ. Action No. 17-13500, 2018 WL 3340382 (E.D. La. Apr. 2, 2018), adopted, 2018 WL 3329075 (E.D. La. July 6, 2018); Rec. Docs. 15 and 26.

him with a continuous positive airway pressure machine, but the motion was granted in all other respects, and all other claims against Dr. McVea were dismissed without prejudice.[3]

However, on February 8, 2019, mail to plaintiff was returned to the Court as undeliverable by the United States Postal Service marked "Deceased."[4] In light of that fact, the Court subsequently appointed *pro bono* counsel to look into the matter and take whatever steps were appropriate and necessary to protect plaintiff's interests.[5]

Since that time, the undersigned United States Magistrate Judge has conducted three status conferences in this case.[6] In those conferences, the undersigned learned that a copy of plaintiff's death certificate was procured to confirm his death and that *pro bono* counsel had located plaintiff's next of kin and advised him of his options regarding this matter.

The defendants thereafter filed a formal Notice of Suggestion of Death on September 25, 2020,[7] and subsequently served same on plaintiff's only known living next of kin, Phillip Brenckle, in October of 2020.[8] Because no motion for substitution was thereafter filed in this matter within ninety days, the defendants have now filed a Motion to Dismiss for Lack of Prosecution.[9] No opposition to that motion has been filed.

---

[3] Brenckle v. MacFay, Civ. Action No. 17-13500, 2018 WL 9453549 (E.D. La. Nov. 2, 2018), adopted, 2019 WL 4038737 (E.D. La. Aug. 27, 2019); Rec. Docs. 27 and 37.
[4] Rec. Doc. 34.
[5] Rec. Docs. 38 and 40.
[6] See Rec. Docs. 43, 44, and 46.
[7] Rec. Doc. 47. One court has observed:

> [Rule 25] is silent as to who is permitted to file a suggestion of death. It seems trite to state the obvious, that when a plaintiff dies, the defendant's ability to file motions is unaffected because the defendant remains a party. In practice, it is not unusual for a defendant to suggest death upon the record to impose upon the plaintiff's side the obligation to move for the substitution of a party, as a tactical maneuver of an adversary premised upon expediting the action or getting it dismissed.

Kasting v. American Family Mutual Insurance Co., 196 F.R.D. 595, 599 (D. Kan. 2000); accord Roberts v. Row, 89 F.R.D. 398, 400 (S.D. W. Va. 1981) ("The proper procedure to be followed in this case was for the defendant to suggest the death of the plaintiff, whereupon the plaintiff would then file its motion to substitute in accordance with Title 28, U.S.C., Federal Rules of Civil Procedure, Rule 25(a)(1).").
[8] See Rec. Doc. 50-4.
[9] Rec. Doc. 50.

The Federal Rules of Civil Procedure provide:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. **If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.**

Fed. R. Civ. P. 25(a)(1) (emphasis added). See also 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1955 (3d ed. Oct. 2020 Update).

Because more than ninety days have elapsed since the Notice of Suggestion of Death was served and no motion for substitution has been filed, it is now appropriate to dismiss the remaining claims in this lawsuit.

### RECOMMENDATION

It is therefore **RECOMMENDED** that the defendants' motion to dismiss, Rec. Doc. 50, be **GRANTED** and that the remaining claims be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __24th__ day of February, 2021.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**

3